**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MOTHER DOE, as parent and natural guardian for JANE DOE, a minor, and JANE SMITH,**<br>*Plaintiffs,*<br><br>v.<br><br>**TOWN OF NORTH ANDOVER, NORTH ANDOVER SCHOOL DISTRICT, NORTH ANDOVER SCHOOL COMMITTEE, CHET JACKSON, in his official and individual capacity, GREGG T. GILLIGAN, in his official and individual capacity, SCOTT YOUNG, in his official and individual capacity, and BROOKE RANDALL, in her official and individual capacity,**<br><br>*Defendants.* | <u>Civil Action No. 1:20-cv-10310-IT</u><br><br>*Leave to File Memorandum Granted On July 19, 2022 (ECF No. 71)* |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT**

*Attorneys for Plaintiffs*

**NESENOFF & MILTENBERG, LLP**
Andrew T. Miltenberg, Esq. (*Pro Hac Vice*)
Gabrielle M. Vinci (*Pro Hac Vice*)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
gvinci@nmllplaw.com

Regina M. Federico (BBO No. 700099)
101 Federal Street, Nineteenth Floor
Boston, Massachusetts 02110
(617) 209-2188
rfederico@nmllplaw.com

**INTRODUCTION**

In accordance with the Court's Order dated July 19, 2022 (ECF No. 71) and the Parties' agreed upon briefing schedule (ECF No. 72), Plaintiffs Mother Doe, as parent and natural guardian for minor Jane Doe ("Plaintiff Doe"), and Jane Smith ("Plaintiff Smith") (collectively, "Plaintiffs"), by and through their attorneys, Nesenoff & Miltenberg, LLP, submit this Supplemental Memorandum of Law in Opposition to Defendants' Town of North Andover, North Andover School District ("District"), North Andover School Committee, Chet Jackson ("Jackson"), Gregg T. Gilligan ("Gilligan"), Scott Young ("Young"), and Brooke Randall's ("Randall") (collectively, "Defendants'") partial motion for summary judgment and supplemental brief in support of Defendants' partial motion for summary judgment (ECF No. 73).

**BACKGROUND AND ARGUMENT**

Plaintiffs assume the Court's familiarity with the facts of this case. To briefly recapitulate, this action arises out of Defendants' deficient and unlawful response to reports that both Plaintiff Doe and Plaintiff Smith had been sexually assaulted by a District student, Eliezer Tuttle. Specifically, Plaintiffs have alleged that Defendants were deliberately indifferent to their reports of sexual assault and harassment. As a result thereof, Plaintiffs seek damages against Defendants.

**I.   Defendants' Supplemental Briefing Goes Beyond the Scope Permitted by the Court**

On July 14, 2022, Defendants filed an assented to motion for leave to file a supplemental brief in support of Defendants' partial motion for summary judgment. (ECF No. 70). In the assented to motion, Defendants advised that the supplemental briefing was for the purpose of addressing "the impact of the Supreme Court's recent decision in *Jane Cummings v. Premier Rehab Keller*, 142 S. Ct. 1562 (Apr. 28, 2022) [("*Cummings*")], on plaintiffs' Title IX claims." *See* ECF No. 70 at p. 1. Despite this clear representation, Defendants assert additional arguments

1

in their supplemental memorandum, to wit, that Plaintiffs cannot rely on Defendants' "failure to promulgate an effective Title IX policy and grievance procedure…"; that Plaintiff Doe cannot seek damages for school-related expenses; and that Plaintiffs' claim for injunctive relief is moot. *See* ECF No. 70 at. P 1, n.1-3. In essence, Defendants have used the Court's permission to file a supplemental brief on a limited argument as a means to improperly put forth additional arguments for dismissal in what amounts to a second reply brief which could have easily been made in Defendants' initial memorandum in support[1]. As such, Defendants' improperly asserted additional arguments should be rejected entirely. *See United States v. Gottesfeld*, 18 F.4th 1, 16 (1st Cir. 2021); *Echavarria v. Roach*, 565 F.Supp.3d 51, 82 (D. Mass. 2021)[2].

---

[1] Notably, as identified by the Ninth Circuit, Defendants' primary argument that emotional damages are not available to Plaintiffs under Title IX did not arise only after *Cummings* and is an argument that Defendants could have made in their initial briefing. *See Asfall v. Los Angeles Unified Sch. Dist.*, 2022 WL 2764747, at *4 (9th Cir. July 15, 2022) (finding that defendant's argument on reply that emotional damages were no longer available to plaintiffs in a Title IX action in light of the decision in *Cummings* was untimely as defendants should have known about the argument at the time of their initial brief). Accordingly, the Court may reject Defendants' argument here as untimely.

[2] To the extent the Court considers Defendants' belated arguments, Plaintiff submits such arguments are without merit. Specifically, Defendants argue that Plaintiff Doe may not seek damages for the costs and expenses incurred in connection with Plaintiff Doe's attendance at SEEM Collaborative due to Plaintiff Doe's failure to exhaust her administrative remedies. In support of this argument, Defendants cite to *Diaz-Fonesca v. Puerto Rico*, 451 F.3d 13, 28-29 (1st Cir. 2006). In *Diaz-Fonesca*, a case involving a failure to accommodate the plaintiff's disability, the First Circuit was asked to decide the issue of whether failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA") barred certain forms of recovery under Section 1983. *Id*. In finding that it did preclude recovery under Section 1983, the First Circuit held that Section 1983 cannot be used to circumvent the IDEA's prerequisites where "the [] claim is premised on a right created by the IDEA". *Id*. However, the *Diaz-Fonesca* court did not determine how, if at all, the administrative exhaustion provisions affected recovery under Title IX. Nor did it determine if a claim for deliberate indifference to sexual assault constituted a "claim premised on a right created by the IDEA." *Id.* Therefore, Defendants' reliance on *Diaz-Fonesca* to preclude damages in this matter is misplaced.

In contrast to Defendants' contention, since *Diaz-Fonesca,* this Court, instructed by later precedent set by the First Circuit and U.S. Supreme Court, has ignored the IDEA's prerequisites in determining the breadth of available remedies under Title IX. *See Doe v. Dennis-Yarmouth Regional Sch. Dis't*, 2022 WL 36480, at *5-9 (D. Mass. Jan. 4, 2022) (finding and holding that the

## II.     Defendants' Reliance on the Holding in *Cummings* is Misplaced

Defendants rely almost exclusively on the recent United States Supreme Court holding in *Cummings* to argue that Plaintiffs' Title IX claims must be dismissed because, in Defendants' view, Plaintiffs are only seeking emotional distress damages in this suit. Defendants' argument entirely misses the mark.

In *Cummings*, the U.S. Supreme Court was asked to determine the availability of emotional distress damages under the Rehabilitation Act and the Patient Protection and Affordable Care Act. In determining whether emotional damages were available under the Rehabilitation Act and the Patient Protection and Affordable Care Act, the Supreme Court reviewed case law regarding the available remedies under contract law and other statutes enacted under Congress's Spending Clause powers, including, but not limited to, Title IX, in its opinion. Ultimately, the Supreme Court held that emotional damages are not available under the Rehabilitation Act and the Patient Protection and Affordable Care Act. *Cummings*, at 1576.

While Plaintiffs acknowledge that the U.S. Supreme Court reviewed Title IX precedent in its opinion in *Cummings*, and with all deference and respect to the U.S. Supreme Court, the holding in *Cummings* does not specifically apply to any of the statutes or claims asserted in the instant matter and is therefore not binding case law here. Indeed, at least one other court has held that the

---

factors set forth by the First Circuit regarding administrative exhaustion under the IDEA did not apply to Plaintiffs' claims for deliberate indifference to sexual assault under Section 1983 or Title IX) (*citing Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 137 S.Ct. 743, 752-55 (2017) and *Doucette v. Georgetown Pub. Sch.*, 936 F.3d 16, 22-25) (1st Cir. 2019)). *See also*, *Roe v. Lincoln-Sudbury Reg'l Sch. Dist.*, 2021 WL 1132256, at *32-34 (D. Mass. Mar. 24, 2021); *Doe v. Dall. Indep. Sch. Dist.*, 941 F.3d 224, 228 (5th Cir. 2019) (holding that exhaustion under the IDEA did not apply to her Title IX claim); *F.H. ex rel. Hall v. Memphis City Schs.*, 764 F.3d 638, 644 (6th Cir. 2014) (finding that administrative exhaustion was not required in case of sexual abuse of a student). Accordingly, consistent with the prevailing case law in the First Circuit and sister jurisdictions, Defendants' contention that Plaintiff Doe is not entitled to damages for failure to exhaust administrative remedies must be rejected.

ruling in *Cummings* is not applicable to actions brought under Title IX. *See Doe v. Purdue Univ.*, 2022 WL 2828238, at *4 (N.D. Ind. July 20, 2022) (finding that "*Cummings* does not hold that it limits Title IX damages" and holding that evidence of the plaintiff's emotional distress was admissible at trial under Title IX). Indeed, based on a plain reading of the decision in *Cummings*, the only statutes which the U.S. Supreme Court ruled upon in its decision were the Rehabilitation Act and the Patient Protection and Affordable Care Act. On this basis alone, Defendants' argument should be rejected. Despite this, Defendants ask the Court to assume that the holding in *Cummings* will eventually explicitly and equally apply to the remedies available under Title IX and pre-emptively limit Plaintiffs' available relief in this matter despite an utter lack of any actually controlling precedent to do so. Respectfully, the Court should reject Defendants' argument and, as other courts have done, permit Plaintiffs to seek emotional damages in this matter.

      Importantly, contrary to Defendants' contention, *even if* the holding in *Cummings* applies to Plaintiffs' Title IX claims (which Plaintiffs do <u>not</u> concede it does), the decision in *Cummings* does not warrant, let alone mandate, summary judgment on Plaintiffs' Title IX claims in their entirety. In their supplemental briefing, Defendants bizarrely contend that Plaintiffs exclusively seek emotional distress damages under Title IX. However, a basic reading of Plaintiffs' Amended Complaint demonstrates that Plaintiffs have claims for multiple forms of relief, including, <u>but not limited to</u>, emotional distress damages. *See* Pl. Am. Cmplt. at p. 60 "PRAYER FOR RELIEF". Indeed, not only do Plaintiffs seek emotional damages, but Plaintiffs also seek attorneys' fees and costs, as well as damages stemming from the Defendants' deliberate indifference and the failure of Defendants to properly uphold their obligations under Title IX. Such damages can arguably be considered expectation and/or consequential damages which are available under contract law and are therefore available under Title IX. *See Montgomery v. Dist. Of Columbia*, 2022 WL 1618741,

at *24-27 (D.D.C. May 23, 2022) (finding that defendant's failure to uphold obligations under federal antidiscrimination laws caused damage to the plaintiff separate and apart from emotional damages and therefore recoverable at trial). Accordingly, even if Plaintiffs are precluded from seeking emotional damages in light of the holding in *Cummings*, such preclusion does not warrant summary dismissal of Plaintiffs' Title IX claims as Plaintiffs seek damages above and beyond emotional distress damages and Plaintiffs have raised triable issues related to Plaintiffs' Title IX and other claims.

## CONCLUSION

For all the reasons set forth above and in Plaintiff's response in opposition to Defendants' partial motion for summary judgment (ECF No. 63-65), Defendants' arguments should be rejected, Plaintiffs' Title IX claims should not be dismissed, and this Court should deny Defendants' motion for summary judgment in its entirety and grant such other relief as is just and proper.

**Dated: Boston, Massachusetts**
    **August 19, 2022**

          **Respectfully submitted,**

          **NESENOFF & MILTENBERG, LLP**
          *Attorneys for Plaintiffs*

          **By: */s/ Regina M. Federico*
          Andrew T. Miltenberg, Esq. (*pro hac vice*)
          Gabrielle M. Vinci, Esq. (*pro hac vice*)
          363 Seventh Avenue, Fifth Floor
          New York, New York 10001
          (212) 736-4500
          amiltenberg@nmllplaw.com
          gvinci@nmllplaw.com**

          **Regina M. Federico, Esq. (BBO #700099)
          101 Federal Street, Nineteenth Floor
          Boston, Massachusetts 02110
          (617) 209-2127
          rfederico@nmllplaw.com**

## **CERTIFICATE OF SERVICE**

I certify that on August 19, 2022, this document was filed through the ECF System of the United States District Court for the District of Massachusetts and will be served electronically on the Registered Participants identified in the Notice of Electronic Filing.

*/s/ Regina M. Federico*
Regina M. Federico